United States District Court
Southern District of Texas
**ENTERED**
September 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
SPECOIL, LLC,                       §
                                    §
          Plaintiff,                §
                                    §
v.                                  §   CIVIL ACTION NO. H-21-0231
                                    §
REMET ALCOHOLS, INC., REMET         §
CORP., and WINDI PALMER,            §
                                    §
          Defendants.               §
```

## MEMORANDUM OPINION AND ORDER

SpecOil, LLC ("Plaintiff") brought this action against Remet Alcohols, Inc. and Remet Corp. (collectively, "the Corporate Defendants") on December 18, 2020.[1] Plaintiff originally alleged a claim for breach of contract.[2] On March 12, 2021, Plaintiff filed an amended complaint, removing the breach-of-contract claim and substituting claims for fraud, fraud by nondisclosure, and negligent misrepresentation.[3] On August 15, 2023, Plaintiff filed the pending Motion for Leave to File Amended Complaint ("Plaintiff's Motion to Amend") (Docket Entry No. 57). Plaintiff

---

[1] Plaintiff's Original Petition ("Original Complaint"), Exhibit 2 to Defendants' Notice of Removal ("Notice of Removal"), Docket Entry No. 1-2, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Id. at 3 ¶¶ 5.1-5.2, p. 4 ¶¶ 5.3-5.5.

[3] Plaintiff's First Amended Complaint ("First Amended Complaint"), Docket Entry No. 13, pp. 13-16.

seeks to add a breach-of-contract claim.[4]  For the reasons stated below, Plaintiff's Motion to Amend will be denied.

## I. Factual and Procedural Background

Plaintiff entered contracts to supply ethanol to the Corporate Defendants.[5]  Plaintiff filed this action in the Judicial District Court of Harris County, Texas, on December 18, 2020, against the Corporate Defendants.[6]  The Original Complaint briefly outlined a dispute over alleged contamination in Plaintiff's ethanol.[7]  It alleged that Plaintiff had voluntarily resolved the issue but that the Corporate Defendants had failed to pay for delivered ethanol:

> In total, Defendants outstanding balance to Plaintiff is currently $1,043,632.90.  This amount represents Product that has been delivered by Plaintiff and accepted by Defendants . . .[8]

Plaintiff alleged a breach-of-contract claim based on this failure to pay.[9]

On January 25, 2021, the Corporate Defendants removed the case to this court.[10]  On January 29, 2021, the Corporate Defendants

---

[4]Plaintiff's Second Amended Complaint ("Second Amended Complaint"), Exhibit A to Plaintiff's Motion to Amend, Docket Entry No. 57-1, p. 9 ¶¶ 49-50, p. 10 ¶¶ 51-53.

[5]First Amended Complaint, Docket Entry No. 13, p. 3 ¶ 3.1.

[6]Original Complaint, Exhibit 2 to Notice of Removal, Docket Entry No. 1-2.

[7]Id. at 2-3 ¶ 4.4.

[8]Id. at 3 ¶¶ 4.5-4.8.

[9]Id. at 3 ¶¶ 5.1-5.2, p. 4 ¶¶ 5.3-5.5.

[10]Notice of Removal, Docket Entry No. 1.

filed a motion to dismiss, arguing that the court lacked personal jurisdiction and that venue was improper.[11] The court granted two extensions of Plaintiff's time to respond.[12]

On March 12, 2021, Plaintiff filed its First Amended Complaint.[13] Plaintiff added substantial detail to its allegations regarding the contamination dispute and added Windi Palmer — an executive of the Corporate Defendants — as a defendant.[14] The First Amended Complaint alleges that Palmer made multiple misrepresentations about the ethanol, including that Plaintiff was the source of the contamination and that the ethanol's chain of custody was unbroken.[15] Plaintiff alleges that in fact "the chain of custody regarding [Plaintiff]'s Product was indeed tainted because of [the Corporate Defendants'] downstream customer's unsuitable Baker Tanks that [Plaintiff's] Product was stored in."[16] Plaintiff alleges that these tanks were in fact the source of the

---

[11] Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, Docket Entry No. 2, p. 1.

[12] Order Granting Unopposed Motion to Extend Time for Plaintiff to Respond to Defendants' Rule 12(b)(2) & (b)(3) Motion to Dismiss, Docket Entry No. 8; Order Granting Second Unopposed Motion to Extend Time for Plaintiff to Respond to Defendants' Rule 12(b)(2) & (b)(3) Motion to Dismiss, Docket Entry No. 12.

[13] First Amended Complaint, Docket Entry No. 13.

[14] See id. at 2 ¶ 1.4, pp. 3-12. Hereinafter, "Defendants" refers collectively to Remet Alcohols, Inc., Remet Corp., and Windi Palmer.

[15] Id. at 5 ¶ 3.8.

[16] Id. at 8 ¶ 3.16.

contamination that Palmer had attributed to Plaintiff.[17] Plaintiff alleges that these misrepresentations caused it to incur costs in the form of demurrages, filtering costs, discounts for some of the contaminated ethanol, and travel expenses in flying out to resolve the issue.[18] Plaintiff alleges claims for fraud, fraud by nondisclosure, and negligent misrepresentation.[19] The First Amended Complaint does not allege that Defendants failed to pay for any of the delivered ethanol, and it does not include a breach-of-contract claim.

The Defendants filed answers on April 19, 2021.[20] The first Docket Control Order set a deadline for amended pleadings of June 4, 2021, which was not extended by any of the amended docket control orders.[21] The deadline for third-party discovery was August 21, 2023, and the deadline for all other discovery is January 15, 2024.[22]

---

[17] Id. ¶ 3.17.

[18] Id. at 11 ¶ 3.28.

[19] Id. at 13-16.

[20] Answer of Defendant Windi Palmer to Plaintiff's First Amended Complaint, Docket Entry No. 23; Defendants Remet Alcohols, Inc. and Remet Corporation's Answer to Plaintiff's First Amended Complaint, Docket Entry No. 24.

[21] Docket Control Order, Docket Entry No. 19, p. 1; Amended Docket Control Order, Docket Entry No. 48; Second Amended Docket Control Order, Docket Entry No. 50; Third Amended Docket Control Order, Docket Entry No. 53.

[22] Third Amended Docket Control Order, Docket Entry No. 53, p. 1.

On August 15, 2023, Plaintiff filed its Motion to Amend and attached a proposed Second Amended Complaint.[23] The Second Amended Complaint would add some factual allegations and a breach-of-contract claim. This includes the allegation that:

> [T]he Remet Defendants have refused to remit payment for Product they contended was off-specification and/or rejected by their customers. The Remet Defendants further refused to remit payment for additional Product about which no contamination complaints were made and which was delivered via different means and from a different source. The total amount of Product for which the Remet Defendants have obtained but refused to pay exceeds $1,000,000.00.[24]

Plaintiff's proposed breach-of-contract claim is based on this alleged nonpayment.[25] Plaintiff argues that the court should grant leave to amend because the delay was meant to avoid successive amendments, because the amendment is important to Plaintiff's case, because any potential prejudice to Defendants would be minimal, and because there is adequate time between now and trial to seek a continuance to cure any prejudice.[26]

The Corporate Defendants oppose Plaintiff's Motion to Amend.[27] They argue that Plaintiff has known the facts supporting its

---

[23] Plaintiff's Motion to Amend, Docket Entry No. 57; Second Amended Complaint, Exhibit A to Plaintiff's Motion to Amend, Docket Entry No. 57-1.

[24] Second Amended Complaint, Exhibit A to Plaintiff's Motion to Amend, Docket Entry No. 57-1, p. 7 ¶ 31.

[25] Id. at 9 ¶¶ 49-50, p. 10 ¶¶ 51-53.

[26] Plaintiff's Motion to Amend, Docket Entry No. 57, pp. 3-4 ¶¶ 10-14.

[27] Remet Defendants' Joint Response to Plaintiff's Motion for Leave to File Second Amended Complaint ("The Corporate Defendants' Response"), Docket Entry No. 59.

breach-of-contract claim since 2020, that Plaintiff strategically abandoned the claim, and that allowing Plaintiff to re-allege the claim would unfairly prejudice them.[28] Plaintiff has not filed a reply.

## II. Legal Standard

When a scheduling order deadline has expired, Rule 16(b) governs amendment of the pleadings. Olivarez v. T-mobile USA, Inc., 997 F.3d 595, 602 (5th Cir. 2021). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, Arthur R. Miller & Edward H Cooper, Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Courts consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Id. at 536 (internal quotation marks and brackets omitted). The amending party bears the burden of showing that leave to amend is warranted. See id. at 535.

---

[28] Id. at 10, 14-15.

## III. Analysis

### A. Plaintiff's Explanation for Its Delay

Plaintiff argues that it "would have been inappropriate to amend its complaint any sooner because Plaintiff and Defendants are only now nearing the end of third-party discovery. In consideration of the Court's limited time and to avoid multiple requests to amend, Plaintiff has waited until such time when substantial discovery to support amending has been completed."[29] Plaintiff states that "[t]he present request for leave is made in good faith based upon the development of the case."[30] The Corporate Defendants respond that Plaintiff has been aware of its breach-of-contract claim since 2020.[31]

The proposed claim appears to largely mirror the one alleged in the Original Complaint. Plaintiff seeks to justify the amendment on "development of the case" but offers no details. Plaintiff points to no facts, learned during discovery or otherwise, indicating that this claim differs from the Original Complaint. Plaintiff knew of this claim well before the Docket Control Order deadline for amended pleadings on June 4, 2021, and it nevertheless waited until more than two years after that deadline to seek this amendment. Plaintiff cannot justify this

---

[29]Plaintiff's Motion to Amend, Docket Entry No. 57, p. 3 ¶ 10. At the time Plaintiff filed the Motion to Amend, the third-party discovery deadline was near, and it has now passed.

[30]Id. at 4 ¶ 15.

[31]The Corporate Defendants' Response, Docket Entry No. 59, p. 10.

long delay and disregard for the Docket Control Order merely because discovery sometimes uncovers information leading to additional amendments. To the contrary, courts are especially skeptical where the pleader knew the underlying facts long before seeking leave to amend. See S&W Enterprises, L.L.C., 315 F.3d at 536 (affirming denial of leave to amend under Rule 16(b) where "the same facts were known to [the pleader] from the time of its original complaint to the time it moved for leave to amend"). This factor weighs strongly against granting leave to amend.

**B.   Importance of the Amendment**

Plaintiff argues that the amendment is "critical as it states an alternate theory of recovery (based on the same underlying facts) — namely that Plaintiff was injured not only by Defendants' tortious conduct but also their disregard of their contractual obligations."[32] The amendment could benefit Plaintiff since a breach-of-contract claim does not require a showing of fraud or misrepresentation. Moreover, the damages alleged in connection with the contract claim dwarf the damages alleged based on fraud and misrepresentation.

The Corporate Defendants offer a possible strategic explanation for Plaintiff's dropping and re-adding of the breach-of-contract claim, and they argue this undermines Plaintiff's argument as to the amendment's importance. The court lacks

---

[32]Plaintiff's Motion to Amend, Docket Entry No. 57, p. 3 ¶ 11.

sufficient information to confidently discern Plaintiff's motivation for dropping the contract claim, and it is unclear how the court would weigh this information. But the court need not resolve this argument to rule on Plaintiff's Motion to Amend. Even if the court deems the proposed amendment highly important to Plaintiff's case, this would not overcome the absence of a valid reason for Plaintiff's delay and, as explained below, the prejudice to Defendants.

### C. Prejudice to Defendants and Potential for Cure

Plaintiff argues that the Second Amended Complaint would not prejudice the Defendants because it alleges a factual basis that is only slightly expanded from the First Amended Complaint.[33] Moreover, Plaintiff states that there is plenty of time before the scheduled trial date to seek a continuance to cure any prejudice.[34] But as Defendants note, the amendment will broaden discovery, dispositive motions, and trial, making this case more expensive to litigate. And although the new factual allegations are brief, a breach-of-contract claim has very different legal elements. A timely amendment to add the claim may have changed Defendants' assessment of the case and their decisions "whether to engage in settlement talks, how much to offer, and whether to make a Rule 68

---

[33] Id. at 3-4 ¶ 12.

[34] Id. at 4 ¶ 13.

offer of judgment."[35]  These harms further weigh against granting leave to amend and would not be cured by a continuance.

## IV.  Conclusion and Order

Plaintiff's long and unjustified delay and the likely prejudice to Defendants greatly outweigh the importance of the Second Amended Complaint to Plaintiff's case.  The court concludes that Plaintiff has not shown good cause for modifying the June 4, 2021, deadline for amended pleadings.  The Motion for Leave to File Amended Complaint (Docket Entry No. 57) is **DENIED**.

**SIGNED** at Houston, Texas, on this 22nd day of September, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[35]The Corporate Defendants' Response, Docket Entry No. 59, p. 16.